1

2

3

4

5

6

7

8

9                    **UNITED STATES DISTRICT COURT**

10                    EASTERN DISTRICT OF CALIFORNIA

11

12   GREGORY L. GONZALEZ,                    Case No. 1:14-cv-00106 DLB PC

13               Plaintiff,                  ORDER DISMISSING COMPLAINT
                                             WITH LEAVE TO AMEND
14        v.
                                             THIRTY-DAY DEADLINE
15   FRESNO COUNTY JAIL, et al.,

16               Defendants.

17

18        Plaintiff Gregory L. Gonzalez ("Plaintiff") is a California state prisoner proceeding pro se

19   and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

20   January 24, 2014.[1]  He names the Fresno County Jail, Sheriff Margarette Mimms, and Fresno

21   County Jail medical staff as Defendants.

22   **A.    SCREENING REQUIREMENT**

23        The Court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

27   monetary relief from a defendant who is immune from such relief.  28 U.S.C.

28

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate on February 3, 2014.

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the Fresno County Jail where the events giving rise to this action took place.

Plaintiff alleges the following.  On October 5, 2013, Plaintiff submitted a medical request for treatment of gonorrhea, for which he had tested positive.  Plaintiff states his chart was reviewed by a doctor but no treatment was offered until he filed a grievance.

2

Plaintiff further sues the Fresno County Jail for housing him in an overcrowded jail, for failing to properly give him adequate medical treatment, and for causing a backup of medical response time.

Plaintiff further complaints that Defendant Margarette Mimms failed to oversee staff performance which caused him to suffer in pain for almost three months without treatment.

Plaintiff seeks monetary damages.

**C.    DISCUSSION**

1.    Supervisory Liability

Supervisory personnel such as Defendant Mimms may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Defendant Mimms is not linked to any actions or omissions which demonstrate a violation of Plaintiff's rights.  Plaintiff makes no allegations to establish that Defendant Mimms was personally involved in the alleged constitutional deprivations. He further makes no allegations demonstrating a sufficient causal connection between Defendant Mimms conduct and the alleged constitutional violations.

2.      Rule 8 and Linkage

Under section 1983, Plaintiff is required to prove that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff must prove that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his own misconduct.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77 129 S.Ct. 1937, 1948-49 (2009).

Similarly, Federal Rule of Civil Procedure 8 requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkeiwicz v. Sorema, NA, 534 U.S. 506, 512 (2002).  "While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Here, Plaintiff does not link any named Defendant with any conduct.  Plaintiff's vague allegation that an unidentified doctor did not provide treatment is insufficient to state a claim.  In addition, Plaintiff cannot name the entire Fresno County Jail or medical staff as Defendants.  Rather, he should only name individual defendants who were involved in his care, and against whom he can allege facts to state a claim.

Accordingly, Plaintiff fails to state a claim against any Defendants.

3.      Medical Treatment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th

4

Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff's allegations do not demonstrate that any Defendant acted with the requisite state of mind.  Plaintiff does not allege how any Defendants acted with deliberate indifference to a serious medical need.

Plaintiff has therefore failed to state a deliberate indifference claim against any Defendant.

**D.    CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with an opportunity to file an amended complaint.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

5

1

2          2.       The Clerk's Office shall send Plaintiff a civil rights complaint form;

3          3.       Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

amended complaint; and

4          4.       If Plaintiff fails to file an amended complaint in compliance with this order, this

5   action will be dismissed, with prejudice, for failure to state a claim.

6

7   IT IS SO ORDERED.

8      Dated:   **February 11, 2015**                    /s/ *Dennis L. Beck*

9                                              UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28